ELIZABETH M. ROSENWASSER, Appellant, *v.* PHILIP ROSENWASSER, Respondent.

Second Department, May 7, 1920.

**Depositions — divorce — examination of plaintiff before trial — sufficiency of affidavit.**

In an action for divorce the examination of the plaintiff before trial, limited to the question whether adulteries charged to have been committed with an unknown woman and with one named were with the connivance and procurement of the plaintiff, should not be granted, where the defendant sets up only on information and belief that such acts, if committed, were with the plaintiff's consent, connivance, privity and procurement, and the examination is sought merely to see if he can bring out some basis for the defense he has raised, and in his affidavit he does not allege that any collusion or connivance in fact existed, and instead of specifying facts and circumstances under rule 82 of the General Rules of Practice, merely lays bare a conjectural defense based wholly on things hoped for by him.

APPEAL by the plaintiff, Elizabeth M. Rosenwasser, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 15th day of January, 1920, denying plaintiff's motion to vacate an *ex parte* order for her examination before trial.

The wife sues for divorce on the ground of adultery. Her complaint specified (Art. XII) such acts with a woman unknown by name, also (XIII) with one named.

The defendant set up, only on information and belief, that such acts, if committed, were with plaintiff's consent, connivance, privity and procurement.

This examination of the wife was limited to the question whether the adulteries charged in articles XII and XIII were with her connivance or procurement.

The wife's motion to vacate was denied (110 Misc. Rep. 38), and she appeals.

*Henry M. Dater [Jay S. Jones and Edward J. Fanning* with him on the brief], for the appellant.

*Sidney J. Loeb,* for the respondent.

PER CURIAM:

The husband seeks this examination before trial merely to see if he can bring out some basis for the defense he has raised. His ground is a statement that if such acts were with the connivance of the plaintiff she " is the one person of all who really knows whether they were so committed, if committed at all."

His affidavit thus alludes to the governess: " She was in the plaintiff's company daily and, in fact, for a few days was in the mountains with the plaintiff. What the conversations were at those times, what arrangements were made between them, whether * * * was to be a governess or was really a detective to lure your deponent into a compromising situation, are all known to this plaintiff."

Defendant nowhere alleges that any collusion or connivance in fact existed. Instead of specifying facts and circumstances under rule 82 of the General Rules of Practice, the affidavit lays bare a conjectural defense based wholly on things hoped for by defendant.

The order is, therefore, reversed, with ten dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs.

JENKS, P. J., MILLS, PUTNAM, BLACKMAR and KELLY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs.